| | |
|---|---|
| 1 | Muriel B. Kaplan, Esq. (SBN 124607) |
| | Michele R. Stafford, Esq. (SBN 172509) |
| 2 | SALTZMAN & JOHNSON LAW CORPORATION |
| | 120 Howard Street, Suite 520 |
| 3 | San Francisco, CA 94105 |
| | (415) 882-7900 |
| 4 | (415) 882-9287 – Facsimile |
| | mkaplan@sjlawcorp.com |
| 5 | mstafford@sjlawcorp.com |
| 6 | Attorneys for Plaintiff |
| 7 | BAY AREA PAINTERS AND TAPERS PENSION FUND, et al. |

FILED
JAN 29 PM 3:04
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CV 08   0685   MHP

| | | |
|---|---|---|
| 13 | BAY AREA PAINTERS AND TAPERS PENSION FUND, BAY AREA PAINTERS AND TAPERS HEALTH FUND, NORTHERN CALIFORNIA DISTRICT COUNCIL 16 APPRENTICE AND JOURNEYMAN TRAINING TRUST FUND, AND THEIR JOINT BOARDS OF TRUSTEES; LES PROTEAU, CHARLES DEL MONTE, AND DOUG CHRISTOPHER, AS TRUSTEES; AND DISTRICT COUNCIL 16 OF THE INTERNATIONAL UNION OF PAINTERS AND ALLIED TRADES; | Case No.:<br><br>**COMPLAINT** |
| 20 | Plaintiffs, | |
| 22 | v. | |
| 23 | HENRY'S PAINTING, INC., A California Corporation, and WILLIAM MICHAEL HENRY, Individually, | |
| 25 | Defendants. | |
| 26 | | |
| 27 | /// | |
| 28 | /// | |

P:\CLIENTS\PATCL\Henry's Painting\Pleadings\Complaint 012808\Complaint 012808.DOC

-1-
**COMPLAINT**
CASE NO.:

## Parties

1. The Bay Area Painters and Tapers Pension Fund ("Pension Fund"), the Bay Area Painters and Tapers Health Fund ("Health Fund"), and the Northern California District Council 16 Apprentice and Journeyman Training Trust Fund ("Apprenticeship Fund") are employee benefit plans as defined in the Employee Retirement Income Security Act of 1974 ("ERISA") § 3(3), 29 U.S.C. § 1002(3). The Joint Boards of Trustees of those Funds are the Funds' named fiduciaries under ERISA § 402(a), 29 U.S.C. § 1002(a). Les Proteau is the Chairman and Charles Del Monte is the Secretary of the Joint Boards of Trustees of the Plaintiff Funds and are fiduciaries of those Funds, except that Doug Christopher is the Chairman of the Northern California District Council 16 Apprentice and Journeyman Training Trust Fund.

2. District Council 16 of the International Union of Painters and Allied Trades, ("Union") is a labor organization as defined in § 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5).

3. HENRY'S PAINTING, INC., and WILLIAM MICHEL HENRY are employers by virtue of ERISA § 3(5), 29 U.S.C. § 1002(5), and NLRA § 2(2), 29 U.S.C. § 152(2). They are referred to herein as "Defendants".

4. The Pension Fund, Health Fund, Apprenticeship Funds, and their fiduciaries are herein referred to as "ERISA Plaintiffs."

## Jurisdiction

5. Jurisdiction exists in this Court over the claims asserted by the ERISA Plaintiffs by virtue of ERISA § 502, 29 U.S.C. § 1132, in that the ERISA Plaintiffs seek to enforce the provisions of ERISA and the terms of their plans, seek to enjoin the acts and practices which violate ERISA, seek equitable relief to redress such violations, and seek all other appropriate relief under ERISA.

6. Jurisdiction exists in this Court over all the claims by virtue of Labor Management Relations Act ("LMRA") § 301, 29 U.S.C. § 185, in that the plaintiffs seek to enforce the terms and conditions of a collective bargaining agreement between the employer and a labor organization.

7. To the extent jurisdiction over any claim does not exist under ERISA or the LMRA, supplemental jurisdiction exists in this Court over such claims by virtue of 29 U.S.C. § 1367 in that they arise out of a common nucleus of operative facts that form the basis of the federal claims asserted herein, each of which has a substantial ground in federal jurisdiction.

### Venue

8. Venue exists in this Court with respect to the claims under ERISA § 502 because all of the plans of the ERISA Plaintiffs are administered within this district and the breach took place in this district.

9. Venue exists in this Court with respect to the claims under LMRA §301(a) because this Court has jurisdiction over the parties, as the Union maintains its principal place of business in this district, its duly authorized officers or agents are engaged in representing employee members in this district, and the claims arose in this district.

### Intradistrict Assignment

10. The basis for assignment of this action to this court's Oakland Division is that all of the events and omissions giving rise to plaintiffs' claims occurred in the County of Alameda, where the ERISA Plaintiff funds and union dues, were administered during the period claimed herein, and where defendants therefore failed to fulfill its statutory and contractual obligations to the plaintiffs.

///

///

### Bargaining Agreement

11.  The Union and defendants entered into a collective bargaining agreement requiring employer contributions to the Plaintiff Funds, and to the Union for union dues and to other funds more fully described under Schedule A of the Collective Bargaining Agreement. That Agreement is referred to herein as the "Bargaining Agreement," and the ERISA Plaintiffs are third party beneficiaries of that Bargaining Agreement.

12.  Plaintiff Boards of Trustees are the assignees of monies due under the Bargaining Agreement for the Work Preservation Fund, a California non-profit organization; for the Labor Management Cooperation Initiative; and for the Administrative Fund (the "Funds").

13.  Under the terms of said Bargaining Agreement and of the governing documents of the ERISA Plaintiffs which documents are incorporated into the Bargaining Agreement and made binding on defendants, defendants are required to submit monthly reports of hours worked by its employees, and to regularly pay to the Plaintiff ERISA Funds, to the Union for union dues, and to the Funds, certain sums of money, the amounts of which are determined by the hours worked by employees of defendants, all as more fully set forth in said Bargaining Agreement. Also under the terms of said Bargaining Agreement and the governing documents of the Plaintiff Funds, defendants agreed to pay for each delinquent payment liquidated damages, which become part of the contributions. Defendants further agreed to pay interest on the combined contributions and liquidated damages at the rates set by the Bargaining Agreement, from the day immediately following the date that each such payment became due until paid in full, all as more fully set forth in said Bargaining Agreement.

### Facts

14.  Defendants have failed to pay contributions reported to plaintiffs as owing under the Bargaining Agreement, for work performed by defendants' employees during the period

-4-
**COMPLAINT**
**CASE NO.:**

1 August 2007 through December 2007, and have failed to pay liquidated damages and interest owing to the plaintiffs due to that failure under the terms of the Bargaining Agreement.

15. On several occasions, demand was made on defendants on behalf of plaintiffs, for payment of all delinquent contributions, liquidated damages and interest due to the ERISA Plaintiff Funds, the Union, and the Funds. Defendants partially complied, then failed to make payment of the remaining amounts due claimed herein, as required by the Bargaining Agreement.

16. Defendants have a statutory duty to make the required payments timely to the ERISA Plaintiffs under ERISA § 515, 29 U.S.C. § 1145, and by failing to make such timely payments have violated the law.

17. Defendants have a contractual duty under the Bargaining Agreement to timely make the required contributions, liquidated damages and interest to the ERISA Plaintiffs and the Funds, and to timely make the required payment of union dues to the Union. By failing to make such timely payments as required, defendants have breached said duty.

18. Defendants' failure and refusal to timely submit the aforesaid payments as alleged herein was at all times, and still is, willful and unjustified. Defendants' failure to timely make such payments in compliance with the Bargaining Agreement has reduced the corpus of the ERISA Plaintiff funds and operating ability of the Union, thereby impairing their ability to pay or provide benefits to members and beneficiaries, and thereby causing harm to all ERISA Plaintiffs funds and to the Union. Defendants' obligations pursuant to the Bargaining Agreement are continuing obligations; defendants continue to breach said Bargaining Agreement by failing and refusing to timely pay monies due thereunder to the Plaintiff Funds and the Union. Plaintiffs are informed and believe, and therefore allege, that defendants will continue to willfully refuse to make said payments unless ordered by this Court to comply.

///

19.  Plaintiffs are without an adequate remedy at law and will suffer continuing and irreparable injury, loss and damage unless defendants are ordered specifically to perform all obligations required on defendants' part to be performed under ERISA, 29 U.S.C. §§ 1101-1381, the LMRA, 29 U.S.C. §§ 141-197, the Bargaining Agreement, and the governing documents of the Plaintiffs Funds referred to therein, and are restrained from continuing to refuse to perform as required thereunder.

### Prayer

WHEREFORE, Plaintiffs pray as follows:

1.  For a judgment against defendants as follows:

   a.  For unpaid contributions for hours worked during the period August 2007 through December 2007, as specified above and thereafter through judgment;

      (1)  To the ERISA Plaintiffs, in accordance with ERISA Section 502(g)(2)(A), 29 U.S.C. Section 1132(g)(2)(A) and the Bargaining Agreement;

      (2)  To the Union in accordance with the Bargaining Agreement.

   b.  Liquidated damages on late paid and unpaid contributions in an amount provided for under the Bargaining Agreement and governing documents of the Plaintiff Funds and with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2)(c), 29 U.S.C. Section 1132(g)(2)(c).

   c.  Interest on late paid and unpaid contributions, dues and liquidated damages which become a part of contributions under the terms of the Bargaining Agreement, at the rates set in accordance with the Bargaining Agreement, the governing documents of the Plaintiff Funds and the ERISA Section 502(g)(2)(B), 29 U.S.C. Section 1132(g)(2)(B), with respect to the ERISA Plaintiffs, and the applicable legal rate with respect to dues or where otherwise appropriate.

2.  For any additional contributions and dues payable to plaintiffs and the Bargaining Plans as third party beneficiaries of the Bargaining Agreement at time of judgment, plus interest and liquidated damages as above provided and in accordance with the Bargaining Agreement, the governing documents of the Plaintiff Funds, and with respect to the ERISA Plaintiffs, ERISA Section 502(g)(2), 29 U.S.C. Section 1132(g)(2).

3.  ERISA Plaintiffs' reasonable attorneys' fees and costs of this action in accordance with ERISA § 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D); and in accordance with the collective bargaining agreement for all Bargained Plans, and with LMRA Section 301, 29 U.S.C. § 185 for all plaintiffs.

4.  For an order enjoining defendants from violating the terms of the Bargaining Agreement and the governing documents referred to therein, from disposing of any assets until said terms have been complied with, and from continuation or operating of defendants' business until said terms have been complied with.

5.  That the Court retain jurisdiction of this case pending compliance with its orders.

6.  For such other and further relief as the Court may deem just and proper.

Dated: January 28, 2008        SALTZMAN & JOHNSON LAW CORPORATION

By: _____
Muriel B. Kaplan
Attorneys for Plaintiffs

P:\CLIENTS\PATCL\Henry's Painting\Pleadings\Complaint 012808\Complaint 012808.DOC

JS 44 - No. CALIF. (Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

## I.(a) PLAINTIFFS
BAY AREA PAINTERS AND TAPERS PENSION FUND, et al.

## DEFENDANTS
HENRY'S PAINTING, INC., a California Corporation, and WILLIAM MICHAEL HENRY, Individually

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF (EXCEPT IN U.S. PLAINTIFF CASES)

Alameda

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT (IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Muriel B. Kaplan, Saltzman & Johnson Law Corporation
120 Howard Street, Suite 520, San Francisco, CA 94105
415-882-7900

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "✓" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "✓" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "✓" IN ONE BOX ONLY)

- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "✓" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth In Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | ☑ 791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 870 Taxes (US Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Action for collection of delinquent contribution payments and liquidated damages under Employee Retirement Income Security Act (29 USC Sections 1001 et seq.)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE A "✓" IN ONE BOX ONLY)
☑ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE: 1/29/08

SIGNATURE OF ATTORNEY OF RECORD