1  Muriel B. Kaplan, Esq. (SBN 124607)
   Michele R. Stafford, Esq. (SBN 172509)
2  SALTZMAN & JOHNSON LAW CORPORATION
   44 Montgomery St., Suite 2110
3  San Francisco, CA 94104
   (415) 882-7900
4  (415) 882-9287 – Facsimile
   mkaplan@sjlawcorp.com
5  mstafford@sjlawcorpcom

6  Attorneys for Plaintiffs

7

8

9

10                    UNITED STATES DISTRICT COURT

11             FOR THE NORTHERN DISTRICT OF CALIFORNIA

12 BAY AREA PAINTERS AND TAPERS          Case No.: C08-0685 MHP
   PENSION FUND, et. al.
13                                        **AMENDED JUDGMENT
          Plaintiffs,                     PURSUANT TO STIPULATION**
14
          v.
15
   HENRY'S PAINTING, INC., A California
16 Corporation, and WILLIAM MICHAEL
   HENRY, Individually,
17
          Defendants.
18

19        IT IS HEREBY STIPULATED by and between the parties hereto, that the Judgment may

20 be entered in the within action in favor of the Plaintiffs and against Defendant HENRY'S

21 PAINTING, INC. and WILLIAM MICHAEL HENRY, and/or successor entities, as follows:

22        1.      Defendants entered into a valid Collective Bargaining Agreement with the District

23 Council 16 of the International Union of Painters and Allied Trades (hereinafter "Bargaining

24 Agreement") that was in full force and effect until June 30, 2008.

25        2.      A Judgment Pursuant to Stipulation ("April 2008 Stipulation") was entered by the

26 Court on April 29, 2008, in the amount of $81,235.11 plus 7% per annum interest.  Defendants

27 made seven payments thereunder and then defaulted on their obligations.

28 ///

3.      In addition to the amounts previously owed under the prior Judgment, Defendants have become indebted to the Trust Funds for additional contributions and related amounts. The total amount now due is as follows:

| | |
|---|---|
| Balance of Amended Writ (as of 8/26/09) (incorporating Principal Balance on Stipulated Judgment) | $74,779.97 |
| 7% p/a Interest (8/27/09-2/28/10) | $2,667.50 |
| Attorney's fees (5/27/09-2/28/10) | $3,227.50 |
| Costs (4/1/09-7/14/09) | $1,576.33 |
| | **$82,251.30** |

4.      Defendants shall **conditionally** pay the amount of **$75,387.88**, representing all of the above amounts, less liquidated damages in the amount of **$6,863.42**, as set forth in the April 2008 Stipulation. ***This waiver is expressly conditioned upon the Trustees approval after timely compliance with all of the terms of this Stipulation.***

(a)      Beginning on or before March 10, 2010, and no later than the 10th day of each month thereafter, for a period of twenty-four (24) months, through and including February 10, 2012, Defendants shall make payments to Plaintiffs, as follows:

▪      Beginning with the payment due on March 10, 2010, the amount of **$500.00,** for the first three months (March 10, 2010 to May 10, 2010);

▪      Beginning with the payment due June 10, 2010, the payment amount shall increase to **$1,000.00** per month for the next three months (June 10, 2010 to August 10, 2010);

▪      Beginning with the payment due September 10, 2010, the payment amount shall increase to **$2,500.00** per month for the next six months (September 10, 2010 to February 10, 2011);

▪      Thereafter, beginning with the payment due March 10, 2011, the payment amount shall increase to **$5,200.00** per month for the next twelve months (March 10, 2010 to February 10, 2012);

///

///

-2-
**AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C08-0685 MHP**

1          ▪         All other amounts due pursuant to the terms of this Judgment will be
2  paid in one lump sum payment, together with the twenty-fourth stipulated payment, on or before
3  February 10, 2012.

4          (b)        Payments may be made by joint check, if endorsed prior to submission.
5  Defendants shall have the right to increase the monthly payments at any time and there is no
6  penalty for prepayment.

7          (c)        Payments shall be applied first to unpaid interest and then to unpaid
8  principal.  The unpaid principal balance shall bear interest from March 1, 2010, at the rate of seven
9  percent (7%) per annum in accordance with the terms of the April 2008 Stipulation and the
10  Collective Bargaining Agreement and Plaintiffs' Trust Agreements.

11          (d)        Prior to the last payment due pursuant to this Stipulation, Plaintiffs shall
12  advise Defendants, in writing, as to the final amount due, including interest and all additional
13  attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the
14  amounts owed to Plaintiffs under this Stipulation.  Any additional amounts due pursuant to the
15  provisions hereunder shall also be paid in full with the February 10, 2012 stipulated payment.  The
16  final payment shall not include the conditionally waived liquidated damages.  Once all other
17  amounts are paid in full and Defendant's account is otherwise current, waiver will be considered.
18  Any amounts remaining due after the trustees consider the request shall be paid upon demand
19  from Plaintiffs.

20          (e)        Checks shall be made payable to the "*District Council Northern California*
21  *Health and Welfare Trust Fund*", and delivered to Michele R. Stafford at Saltzman & Johnson
22  Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104, or to such
23  other address as may be specified by Plaintiffs, and are to be <u>received</u> on or before the 10th day of
24  each month,

25          (f)        To the extent that Defendant is obligated to contribute to the Trust Funds,
26  Defendants have agreed to execute, and cause to be executed, Joint Check Agreements for current
27  contributions on all current and future jobs for which Defendants are performing work, and shall
28  provide those Joint Check Agreements promptly and fully executed to Plaintiffs, until satisfaction

1   of this Judgment.   A blank Joint Check Agreement shall be provided to Defendant upon
2   commencement of work on any projects.

3          (g)     In addition to the payments set forth above, Defendants agree that Plaintiffs
4   shall also receive 10% (ten percent) of any and all progress payments due and payable to
5   Defendants, for all jobs (current and future) for the first six months of the payment term (March
6   10, 2010 to August 10, 2010); and 15% (fifteen percent) of all progress payments thereafter, until
7   the Judgment is satisfied.   Defendants are required to submit copies of all payment requests
8   relative to any and all jobs directly to Plaintiffs at the time that the request is submitted, as well as
9   a copy of any check received, or any statement as to the amount owed and to be paid so that
10  Plaintiffs can verify the exact amount of each progress payment and its percentage thereof.   The
11  percentage due shall be included in all Joint Check Agreements. The percentage portion of the
12  progress payment will be paid directly by General Contractor to Plaintiffs.   In the event that a
13  General Contractor refuses to make payments directly to Plaintiffs, Defendants shall be
14  responsible for payment.

15         (h)     At the time that Defendants makes its 23rd monthly payment, Defendants
16  may submit a written request for waiver of liquidated damages directed to the Board of Trustees,
17  but sent to Saltzman and Johnson Law Corporation with the 23rd payment.   Defendants will be
18  advised as to whether or not the waiver has been granted prior to the final payment hereunder. To
19  the extent that the waiver is not granted or granted only in part, the liquidated damages that
20  remain will be paid by Defendant with the final payment, or, Defendant may continue monthly
21  payments as set forth herein at Defendant's request until the balance is paid in full.

22         Failure to comply with any of the above terms shall also constitute a default of the
23  obligations under this Agreement and the provisions of ¶ 11 shall apply.

24         5.      In the event that any check paid pursuant to any of the terms hereunder is not
25  timely submitted, not timely endorsed (in the case of a Joint Check) submitted by Defendants but
26  fails to clear the bank, or is otherwise unable to be negotiated for any reason for which Defendants
27  are responsible, this shall be considered to be a default on the Judgment entered.   If this occurs,
28  Plaintiffs shall make a written demand to Defendants to cure said default.   **Default will only be**

1   **cured by the issuance of a replacement** *cashier's check***, delivered to Saltzman and Johnson**

2   **Law Corporation** *within seven (7) days* **of the date of the notice from Plaintiffs.** If Defendants

3   elect to cure said default, and Plaintiffs elect to accept future payments, *all such future payments*

4   *shall continue to be made by cashier's check.* **In the event default is not cured, all amounts**

5   **remaining due hereunder shall be due and payable on demand by Plaintiffs.**

6       6.    An audit of Defendants records was conducted on February 26, 2010. The audit

7   report has not been completed to date. In the event that amounts are found due on audit, all such

8   amounts will become part of this Judgment and subject to the terms hereunder. In the event that

9   this occurs, Defendants have the right to request that the term of the payment plan be extended

10   until all amounts are paid in full.

11       7.    To the extent that Defendant is obligated to contribute to the Trust Funds,

12   beginning with contributions due for hours worked by Defendants' employees during the month of

13   February 2010, due on March 15, 2010 and delinquent if not received by the Trust Funds before

14   the last business day of March 2010, and for every month thereafter until this Judgment is

15   satisfied, Defendants shall remain current in contributions due to Plaintiffs under the current

16   Collective Bargaining Agreement and under all subsequent Collective Bargaining Agreements, if

17   any, and the Declarations of Trust as amended.  Defendants shall *fax a copy of its contribution*

18   *report for each month, together with a copy of that payment check,* to Michele R. Stafford at 415-

19   882-9287, prior to sending the payment to the Trust Fund office.  To the extent that Defendants

20   are working on a Public Works job, or any other job for which Certified Payroll Reports are

21   required, copies of said Reports *must be faxed to Michele R. Stafford concurrently* with their

22   submission to the general contractor, owner or other reporting agency.

23       Failure to comply with these terms shall also constitute a default of the obligations under

24   this Agreement and the provisions of ¶ 11 shall apply.

25       8.    As set forth above, to the extent that Defendant is obligated to contribute, failure by

26   Defendants to remain current in monthly contributions shall constitute a default of the obligations

27   under this agreement and the provisions of ¶ 11 shall apply.  Any such unpaid or late paid

28   contributions, together with liquidated damages and five percent (5%) per annum interest accrued

P:\CLIENTS\PATCL\Henry's Painting\Pleadings\Judgment Pursuant to Stipulation\C08-0685 MHP Amended Judgment Pursuant to Stipulation 020510.DOC

1   on contributions due effective April 1, 2009, shall be added to and become a part of this Judgment

2   and subject to the terms herein. Plaintiffs reserve all rights available under the applicable

3   Bargaining Agreement and Declarations of Trust of the Trust Funds for collection of current and

4   future contributions, and for any additional past contributions not included herein as may be

5   determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means,

6   and the provisions of this agreement are in addition thereto.  Defendants specifically waive the

7   defense of the doctrine *res judicata* as to any such additional amounts determined as due.

8       9.    Defendants shall make full disclosure of all jobs on which it is working by

9   providing Plaintiffs with an ongoing and updated list of jobs including, but not limited to, name

10   and address of the job, the start and completion dates (time period worked or to be worked), the

11   identity of General Contractor/Owner/Developer, and certified payroll if a public works job.  To

12   the extent that Defendants are working on a Public Works job, or any other job for which Certified

13   Payroll Reports are required, copies of said Reports *must be faxed to Michele R. Stafford*

14   concurrently with their submission to the General Contractor, Owner or other reporting agency.

15       These requirements are concurrent with, and in addition to the requirements set forth above

16   with regard to progress payments. **Defendants shall fax said updated list each month (or sooner**

17   **if required elsewhere herein) together with the contribution report (as required by**

18   **paragraph 6 of this Stipulation) to Michele R. Stafford at 415-882-9287.**  Failure to provide

19   this information *within seven (7) days* of Plaintiffs' request shall constitute a default under the

20   terms of this agreement.

21       10.    Defendant William Michael Henry ("Guarantor") acknowledges that he is the

22   RMO/CEO/President of Defendant Henry's Painting, Inc. and that he is personally guaranteeing

23   all amounts to be paid in connection with Stipulation, and acknowledges that all successors in

24   interest to Henry's Painting, Inc., as well as any assigns, and/or affiliated entities and purchasers,

25   shall be contractually bound by the terms of this Stipulation.  This shall include any additional

26   entities in which William Michael Henry is an officer, owner or possesses any ownership interest.

27   All such entities shall specifically consent to the terms herein and to the Court's jurisdiction, in

28   writing at the time of any assignment, affiliation or purchase.

11.    In the event that Defendants or Guarantor fail to make any payment required under ¶ 4 above, or fail to remain current in any contributions under ¶ 7 above, then:

(a)    The entire amount of **$82,251.30**, plus interest, reduced by principal payments received by Plaintiffs, but increased by any unpaid contributions then due, plus liquidated damages and 7% per annum interest on amounts due under the Amended Stipulation, and 5% per annum on contributions due effective April 1, 2009, until paid, shall be immediately due, together with any additional attorneys' fees and costs as referenced herein.

(b)    A Writ of Execution may be obtained against Defendant/Guarantor without further notice, in the amount of the unpaid balance, plus any additional amounts under the terms herein, upon declaration by a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendants/Guarantor and the balance due and owing as of the date of default.

(c)    Defendants/Guarantor waive any notice of Plaintiffs' Request for Entry of Judgment or hearing herein, and of Plaintiffs' Request for a Writ of Execution, and expressly waive all rights to stay of execution and appeal.  The declaration or affidavit of a duly authorized representative of Plaintiffs as to the balance due and owing as of the date of default shall be sufficient to secure the issuance of a Writ of Execution, without notice to Defendant/Guarantor.

(d)    Defendants/Guarantor shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendants/Guarantor to Plaintiffs under this Stipulation, regardless of whether a default occurs herein.

12.    Any failure on the part of the Plaintiffs to take any action against Defendants/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendants/Guarantor of any provisions herein.

13.    In the event of the filing of a bankruptcy petition by the Defendants/Guarantor, the parties agree that any payments made pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2)

1   and shall not be claimed by Defendants/Guarantor as a preference under 11 U.S.C. Section 547 or

2   otherwise. Defendants/Guarantor nevertheless represents that no bankruptcy filing is anticipated.

3       14.     Should any provision of this Stipulation be declared or determined by any court of

4   competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and

5   enforceability of the remaining parts, terms or provisions shall not be affected thereby and said

6   illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this

7   Stipulation.

8       15.     This Stipulation is limited to the agreement between the parties with respect to the

9   delinquent contributions and related sums enumerated herein, owed by Defendant and guaranteed

10  by Guarantor, to the Plaintiffs.  This Stipulation does not in any manner relate to withdrawal

11  liability claims, if any.  Defendants/Guarantor acknowledge that the Plaintiffs expressly reserve

12  their right to pursue withdrawal liability claims, if any, against Defendants/Guarantor as provided

13  by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining

14  Agreement, and the law.

15      16.     This Stipulation contains all of the terms agreed by the parties and no other

16  agreements have been made.  Any changes to this Stipulation shall be effective only if made in

17  writing and signed by all parties hereto.

18      17.     This Stipulation may be executed in any number of counterparts and by facsimile,

19  each of which shall be deemed an original and all of which shall constitute the same instrument.

20      18.     Defendants and Guarantor each represent and warrant that they have had the

21  opportunity to be or have been represented by counsel of their own choosing in connection with

22  entering this Stipulation under  the  terms  and conditions set forth herein, that they have read this

23  Agreement with care and are fully aware of and represent that they enter into this Stipulation

24  voluntarily and without duress.

25  ///

26  ///

27  ///

28  ///

**-8-**
**AMENDED JUDGMENT PURSUANT TO STIPULATION**
**Case No.: C08-0685 MHP**

1    19.    The parties agree that the Court shall retain jurisdiction of this matter until this

2  Judgment is satisfied.

3                                        **HENRY'S PAINTING, INC.**

4

5  Dated: March 29, 2010            By:   /S/ William Michael Henry
                                          William Michael Henry
6                                         RMO/CEO/President

7                                        **WILLIAM MICHAEL HENRY**

8

9  Dated: March 29, 2010                  /S/ William Michael Henry
                                          William Michael Henry
10                                        Individually, and as Guarantor

11                                       **SALTZMAN & JOHNSON**
                                         **LAW CORPORATION**
12

13

14  Dated: March 30, 2010           By:   /S/Michele R. Stafford
                                          Michele R. Stafford
15                                        Attorneys for Plaintiffs

16

17  **IT IS SO ORDERED**

18

19  Dated: _3/31_____, 2010

20                                     THE HONORABLE MARILYN H. PATEL
                                       UNITED STATES DISTRICT JUDGE
21

22

23

24

25

26

27

28

                                                              -9-